## Case No. 16,600.

UNITED STATES ex rel. HALL et al. v. UNION PAC. R. CO.

[3 Dill. 524;[1] 1 Cent. Law J. 566.]

Circuit Court, D. Iowa. 1875.

FEDERAL COURT — JURISDICTION — UNION PACIFIC RAILROAD COMPANY — SERVICE OF PROCESS.

The circuit court of the United States for the district of Iowa, under the acts of congress relating to the Union Pacific Railroad Company, has jurisdiction in mandamus to compel that company to operate its road as required by law, if any part of the road is in the district of Iowa: and under the act of June 20, 1874 [18 Stat. 111], service of process may be made upon the president or general superintendent of the company, found in the district of Iowa.

[Cited in City of St. Louis v. St. Louis Gaslight Co., 70 Mo. 115.]

[This was a petition by Hall and others for a writ of mandamus against the Union Pacific Railroad Company to compel it to operate its road according to law. For a prior proceeding, see Case No. 16,599.]

The alternative writ of mandamus awarded at the last term [Id. 5,950] was served upon the president and general superintendent of the company at Council Bluffs, in this district. The marshal's return on alternative writ of mandamus is as follows: "This writ came into my hands on the 10th day of June, A. D. 1874, and on the same day I served the same on Sidney Dillon, president of the within named defendant, the Union Pacific Railroad Company, at the transfer grounds of said company, in the city of Council Bluffs, county of Pottawattamie, Iowa, by delivering to him a true copy thereof, and offering to read to him the within writ, which he then and there waived, and on the same day I served the within writ on S. H. H. Clark, general superintendent of the within named defendant, the Union Pacific Railroad Company, by delivering to him a true copy thereof, and offering to read the original, which he then and there waived; all done at the transfer grounds of said Union Pacific Railroad Company, in the city of Council Bluffs, Pottawattamie county, Iowa." The company made a special appearance, and excepted to the sufficiency of this service, and moved to quash the same.

In support of the motion, the following affidavit was filed:

"A. J. Poppleton, being duly sworn, says, that for several years last past, he has been, and now is, the attorney of the Union Pacific Railroad Company, defendant in this action. That said corporation is created by, and organized under, a law of the United States; that, by a certain joint resolution of congress, passed and approved April 10th, 1869, the stockholders of said company were authorized to establish their general office at such place as they might select at a meeting to be held in the city of Boston, April 22,

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

1869; that at such meeting, said city of Boston was by said stockholders selected, and its general office established in said city, where it has ever since remained. That in said city, in the state of Massachusetts, all the meetings of its board of directors are held, and its books and records kept, and that all its officers are residents of said city, except its president, who resides in the state of New York; that it has no other office or place where its legislative corporate power is exercised; that its managing office, where the power and authority of its managing agents, to wit: Superintendent, auditor, cashier, general freight and ticket agents, are exercised and wielded, is in the city of Omaha and state of Nebraska, and it has no general managing office elsewhere; that the alleged service of the writ in this action was made on Sidney Dillon, president of said company, while casually traveling through the district of Iowa, he being at the same time a resident of the city and state of New York, and that defendant has and owns no railroad situated in the state of Iowa, except such portion of the iron track laid over and across its Missouri river bridge and the approaches thereto as are east of the boundary line between the states of Iowa and Nebraska. That said S. H. H. Clark, general superintendent, upon whom said alleged service was also made, resides, and has his office at Omaha, Nebraska, and that neither the said Dillon. president, nor Clark, superintendent, resides or has an office in the state of Iowa. A. J. Poppleton.

"Subscribed and sworn to by A. J. Poppleton. before me October 13th, 1874. George B. Corkhill, Clerk."

John N. Rogers, for relators.

J. M. Woolworth and A. J. Poppleton, for the railroad company.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge, on overruling these exceptions, and orally delivering the judgment of the court, in substance said: This is a proceeding instituted by certain persons residing in Council Bluffs, in this state, who claim that they are aggrieved by reason of an alleged failure of the Union Pacific Railroad Company to operate its road according to law. The 15th section of the act of 1864 [13 Stat. 362], which was an act amending the original charter of this company—giving it additional subsidies and additional grants of land—by means of which in reality the road was subsequently constructed, provided that it should be the duty of the company to operate its road, so far as the government and the public were concerned, as one continuous line. In this case it is alleged that the company refuse to operate their road as a continuous line; that in fact they operate it as one continuous line as far only as the city of Omaha, and there break

its continuity by the agency of a distinct and separate transfer from that point to the Iowa side. This is the complaint which the relators make, and which they allege to be in violation of the terms of the charter of the company and its duty to the public. U. S. v. Union Pac. Ry. Co. [Case No. 16,599].

In 1873, congress passed an act [17 Stat. 509] in these words: "The proper circuit court of the United States shall have jurisdiction to hear and determine all cases of mandamus to compel the said Union Pacific Railroad Company to operate its road as required by law." This was an act which was indispensable in order to give the federal court original jurisdiction in mandamus, and was passed for that purpose. U. S. v. Union Pac. Ry. Co. [supra]. This proceeding heretofore came before us on two questions. The one was "whether private persons could move for the writ; that is, could institute the proceeding to compel the road to perform its public duty, or whether the proceeding must not be instituted by the attorney general." We have decided at the last term, that the writ was well moved; that if private persons could show that they were interested in the operation of the road, they had a right to come into court under this act and call the company to account for failing to perform its public duty, to their injury, and thereupon awarded the alternative writ. On the other question, whether the circuit court of the district of Iowa was the "proper circuit court" before which to bring this proceeding, we gave no opinion. The act of June, 1874, makes an addition to the 15th section of the act of July, 1864, and provides that there shall be added to it the following words: "Any officer or agent of the company who is authorized to construct the aforesaid road, or of any company engaged in operating either of said roads, who shall refuse to operate and use the road or telegraph lines under his control or which he is engaged in operating, for purposes of communication, travel and transportation, so far as the public and the government are concerned, as one continuous line, and without discrimination of any kind, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined and imprisoned." This act makes it the personal duty of the officers of the road to operate it as one continuous line. Now, if it can be shown that the president of the road is not operating it as a continuous line, within the meaning of this act of congress, then he is guilty and may be punished, and we do not think for the violation of the act in this respect he can be protected by any resolution of the board of directors. The law says: "You shall operate this road as one continuous line," and enjoins this duty upon the officers of the road. In the next sentence the phraseology changes: In case of failure or refusal of the Union Pacific Railroad, or either of said branches, to com-

ply with the requirements of this act and the act to which this is amendatory, an action against them may be brought in the district or circuit court of the United States, in the territory, district or circuit in which the road or any portion of it may be situated, for damages on acount of such failure or refusal. The action must be brought in the court of some district in which some portion of the road of the defendants is situated.

Now in this proceeding it is alleged that a portion of the road which this company refuses to operate as one continuous line, is situated within the geographical limits of the state of Iowa. On this motion we must take this to be true. The act of 1874 provides, that if process in any suit is served upon any agent of the defendant found within the territory, district, or circuit in which such suit may be brought, such service shall be held by the court to be good and sufficient. In this case the alternative writ of mandamus was served upon the president and the general superintendent of the company at Council Bluffs, in this state, and the question is, whether this is a sufficient service to give this court jurisdiction, assuming that some portion of the road of the defendant is in this district, and assuming that the road is not operated as required by law. It is of course to be regretted that the phraseology of the act is not so clear as to admit of no controversy; and yet. when we consider that it is our duty to carry out the intention of congress, so far as we can learn it, it does not seem to us that it admits of very much doubt that this is, upon the assumptions above mentioned, a proper circuit court. The writ of mandamus may go to the corporation, to the corporate body, and command it to perform its duty (granting that any part of the road is in this district), and if the writ, thus commanding this duty, is served upon the chief officer of the corporation, its president, or upon any officer who may be indicted and criminally punished, if he fails to do his duty in this respect, then it seems to us the court has jurisdiction over the company and its officers, by mandamus. to compel the performance of this duty. This writ may, perhaps, run also, under the act of 1874, to the president of the company: "You are hereby commanded to operate the road as one continuous line." Under this act. this is a duty which he can and should perform. He can be criminally punished if he does not perform it, and it is no protection to him that the board of directors has ordered him to do something else. The writ of mandamus may be served upon him, and he is obliged to respond to it. whether it be regarded as a proceeding against him as an officer. or whether it be regarded as against the corporation. The argument is this: The act of 1874 enjoins the duty to operate the road as one continuous line, upon the officers engaged in operating the road; if they re-

fuse to do so they are made indictable. The duty to be performed by them is one which rests upon the officers as well as the corporation; otherwise congress would not have made it criminal for the officers to refuse to discharge it. It is their duty to obey the law; if they fail they may be proceeded against criminally, and the public duty may be enforced by mandamus, and this writ may be directed to the corporation and served as required by the act of June 20, 1874, or perhaps to the president or officers who are made subject to indictment under that act. and served upon them if found within the district. Whether any portion of the road of the company is within this district, and whether the transfer between Omaha and Council Bluffs, by means of the "Omaha Bridge Transfer," which is the subject of the relators' complaint, is in violation of the duty of the company or its officers, as enjoined by law, are questions which are not passed upon on the present motion. And again. considering that the original charter of the company, as well as the act of March 3. 1873, provided no mode of service, and that the act of 1874 was designed to enforce the duty enjoined by the 15th section of the act of 1864, all these acts are to be construed as in pari materia, and thus regarded, any proceeding or suit to enforce the duty enjoined by the 15th section, may be instituted in the proper court, and the proper court, as prescribed by the act of 1874, is one in the district in which some part of the company's road is situated, and in any such proceeding or suit, the process may be served upon the company's agents found in the district. and in this proceeding by mandamus, our judgment is, that service of the writ upon the president or any officer whose duty it is to see that the road is operated as required by law, is sufficient. Exceptions to service of alternative writ overruled. Exceptions overruled.

[NOTE. A motion was then entered for a peremptory mandamus, which was ordered to issue. Case No. 16,601. The cause was then taken to the supreme court on a writ of error, where the judgment of this court was affirmed, Mr. Justice Bradley dissenting. 91 U. S. 343.]